```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


YOLANDA ANDERSON, ET AL.                        CIVIL ACTION

VERSUS                                          NUMBER: 06-3298

ALPHONSO JACKSON, SECRETARY OF                  SECTION: "B"(5)
THE UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT, ET AL.
```

### REPORT AND RECOMMENDATION

The undersigned submits the following Report and Recommendation on the Fed.R.Civ.P. Rule 37 motion jointly filed by defendants, C. Donald Babers, William C. Thorson, and the Housing Authority of New Orleans (collectively "HANO"), and Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development, and the United States Department of Housing and Urban Development (collectively "Federal Defendants"), against plaintiff, Lolita Gibson. (Rec. docs. 389, 404). For the reasons that follow, it is recommended that the defendants' motion be granted.

In their motion, the defendants allege, and it is not

disputed, that plaintiff Gibson failed to submit to her duly-noticed deposition on August 9, 2007, the deposition having previously been rescheduled from July 16, 2007 at plaintiff's request.  The deposition scheduled for August 9, 2007 was unilaterally cancelled by plaintiffs' counsel after the close of business on August 8, 2007 after attempts by counsel to contact their client proved fruitless.  That last-minute cancellation caused the Federal Defendants to incur non-refundable travel-related expenses.  Further efforts by plaintiffs' counsel to contact Ms. Gibson up until the time of the hearing on defendants' joint motion proved equally unavailing and plaintiff has made no attempt to contact her attorneys despite recently moving back to New Orleans.  The Court notes that the expedited, dual-track discovery schedule in this matter was put in place at plaintiffs' insistence and the lack of cooperation exhibited by plaintiff, both to the defendants and to the plaintiffs' attorneys themselves, has hampered the parties' efforts to properly prepare this case for trial.

Rule 37(b)(2)(C) and (d) of the Federal Rules of Civil Procedure allows a district court to dismiss a lawsuit with prejudice when a party fails to appear for a properly noticed deposition or fails to comply with a discovery order.  <u>Batson v. Neal Spelce Associates, Inc.</u>, 765 F.2d 511, 514-17 (5th Cir. 1985);

Kabbe v. Rotan Mosle, Inc., 752 F.2d 1083, 1084-85 (5th Cir. 1985). Dismissal with prejudice being a severe sanction, its use is appropriate only where the refusal to prosecute her case or to comply with an order results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct. Coane v. Ferrara Pan Candy Company, 898 F.2d 1030, 1032 (5th Cir. 1990). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute her case or to comply with an order of the court. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, the plaintiff who is the subject of the motion presently before the Court has failed to submit to her duly-noticed deposition. Her present whereabouts within the City are unknown. The Court is thus constrained to conclude that plaintiff has no further interest in prosecuting her claims in this matter. Accordingly, it will be recommended that the claims of Lolita Gibson be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the claims of plaintiff, Lolita Gibson, be dismissed with prejudice pursuant to Rule 37(b)(2)(C) and (d) of the Federal Rules of Civil Procedure.

3

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto Assoc.</u>, 79 F. 3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 11th day of September, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE