**MINUTE ENTRY**
**LEMELLE, J.**
**November, 15, 2007**

JS10(00:45)

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**YOLANDA ANDERSON,** *et al.*                      **CIVIL ACTION**

**VERSUS**                                          **NO. 06-3298**

**ALPHONSO JACKSON, SECRETARY OF THE**              **SEC. "B" (5)**
**UNITED STATES DEPARTMENT OF HOUSING**
**AND URBAN DEVELOPMENT,** *et al.*

On Thursday, November 15, 2007, this Court held a telephone
status conference with all counsel representing Plaintiffs, HANO
and HUD to discuss pending motions before this Court.  Considering
Plaintiffs' Motion to Reinstate Claim or In the Alternative for
Leave to File Supplemental Pleading (Rec. Doc. No. 500);
Plaintiffs' Motion for a Temporary Restraining Order and a
Preliminary Injunction (Rec. Doc. No. 502); HANO's Third Motion to
Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. No.
504); and Federal Defendants' Second Motion to Dismiss (Rec. Doc.
No. 520);

**IT IS ORDERED** that Plaintiff's Motion to Reinstate Claim is
**DENIED** and the alternative Motion for Leave to File Supplemental
Pleading is **GRANTED**.  However, said supplemental claims are
dismissed for the same reasons given in our prior rulings on this

related issue.  There is no absolute or unfettered private right of action regarding demolition.  Due process has been given by HANO and HUD.  A review of HUD's approval letter (Ex. A to Rec. Doc. No. 525), shows no material deficiencies that would otherwise warrant a finding of arbitrary or capricious conduct or a violation of equal protection.  As found during the September 17, 2007 hearing, this Court again finds that resident consultations by HANO afforded due  process, albeit imperfect.  Plaintiffs' reliance on the time it took for the issuance of HUD's approval letter or the absence of proper agency consideration of opposing views are insufficient to overcome the strong presumption of regularity that attaches here, especially in view of the scope and detail provided in the approval decision  letter/memorandum  at  issue.   Redevelopment  of  public housing was ongoing prior to the onslaught of Hurricane Katrina. In  post-Katrina  New  Orleans,  legal  and  reasonable  efforts,  as imperfect and time-consuming they might be, should be allowed to revitalize public housing in this City.  Everyone should join in those efforts.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction is **DENIED**.  Based on our prior rulings and findings again, there is adequate remedy at law.  We view Plaintiffs' claims here as premised on alleged insufficient public housing units if demolition and reconstruction are allowed to proceed.  Further, Plaintiffs' contend Defendants have not met procedural requirements prior to approval of plans at

issue.   However, the record does not support those contentions. Even if HUD's conduct was procedurally flawed, Plaintiffs' post-deprivation remedies at law could adequately address Plaintiffs' concerns.   Further, HUD is directed to provide Plaintiffs' counsel within **10 days**, the underlying materials for the Secretary of HUD approval letter of HANO's demolition/reconstruction application, including other comments to said application.

**IT IS FURTHER ORDERED** that HANO's Third Motion to Dismiss, or Alternatively, for Summary Judgment is **DENIED.**   Additional discovery should be allowed prior to any summary consideration of matters raised here.

**IT IS FURTHER ORDERED** that Federal Defendants' Second Motion to Dismiss is **DENIED.**   The voucher program is premised on federal regulations promulgated by HUD.   Plaintiffs' contend those regulations cause disparate treatment or have disparate impact on the residents.   Therefore, Plaintiffs' claims against HUD survive this motion.

**IT IS FURTHER ORDERED** that all parties are allowed time to conduct additional discovery on the claims certified.   Parties must submit to this Court a plan for discovery by **November 28, 2007.**

**IT IS FURTHER ORDERED** that Plaintiffs' Ex Parte Motion to Expedite Hearing on Motion to Reinstate Claim or In the Alternative for Leave to File Supplemental Pleading (Rec. Doc. No. 501); Plaintiffs' Ex Parte Motion to Expedite Hearing on Motion for a

3

Temporary Restraining Order and a Preliminary Injunction (Rec. Doc.

503); and HANO's Request of Oral Argument on HANO's Third Motion to

Dismiss, or Alternatively, for Summary Judgment (Rec. Doc. No. 505)

are all **DISMISSED as MOOT** in light of the rulings on the related

motions.

New Orleans, Louisiana, this 16th day of November, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE