```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**YOLANDA ANDERSON, et al.,**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 06-3298**

**ALPHONSO JACKSON, SECRETARY OF THE**            **SECTION B (5)**
**UNITED STATES DEPARTMENT OF HOUSING**
**AND URBAN DEVELOPMENT, et al.**

## ORDER AND REASONS

Before the Court is Plaintiffs' Amended Motion to Certify Questions for Appeal (Rec. Doc. No. 541). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Amended Motion to Certify Questions for Appeal is **GRANTED IN PART**. This Court certifies for interlocutory appeal: (1) Whether or not dismissal of Plaintiffs' claims under 42 U.S.C. §§ 1437p, 1983, 3604 and 3608 constitute reversible error? (2) Whether or not denial of Plaintiffs' request for the issuance of a preliminary injunction preventing demolition and redevelopment of certain public housing developments constitute reversible error?

## *BACKGROUND*

On February 6, 2007, the Court ruled on Defendants' motions to dismiss and for summary judgment. The Court held that the Plaintiffs had not advanced sufficient evidence to support their claim that Defendants intentionally discriminated against African-Americans by deliberately seeking to prevent the return of African-American residents who had been displaced from New Orleans in violation of 42 U.S.C. § 3604 and the Fifth

1

and Fourteenth Amendments to the United States Constitution.

On September 17, 2007, the Court dismissed all claims except those that addressed the insufficiency of the utility assistance provided by vouchers.  The Court also affirmed that due process had been provided through the public meetings hosted by HANO.

On November 15, 2007, this Court ruled on Plaintiffs' Motion to Reinstate Claim or in the Alternative for Leave to File Supplemental Pleading, and Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction (Rec. Doc. No. 539).  The Court denied Plaintiffs' Motion to Reinstate Claim and granted Plaintiffs' Motion for Leave to File Supplemental Pleading, but dismissed the supplemental claims before they were be filed.  The Court held that there is "no absolute unfettered private right of action regarding demolition," and that HANO and HUD's actions provided Plaintiffs with adequate due process. As to its denial of Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction, the Court held that post-deprivation remedies provide Plaintiffs with adequate remedies at law.

Plaintiffs ask this Court to certify for interlocutory appeal to the Fifth Circuit ten questions raised by Orders of February 6, 2007 (Rec. Doc. 175), September 17, 2007 (Rec. Doc. No. 460), and November 15, 2007 (Rec. Doc. No. 539),

Plaintiffs ask this Court to certify for appeal the following ten questions:

(1)  Whether 42 U.S.C. § 1437p and the Administrative Procedure

> Act provide public housing residents with a private right of action against HUD for the demolition of public housing units.

(2) Whether 42 U.S.C. § 1437p and §1983 provide public housing residents with a private right of action against HANO for the demolition of public housing units.

(3) Whether 42 U.S.C. § 1437p requires HUD and HANO to offer displaced public housing residents with comparable housing that is located in the same jurisdiction, or in a surrounding jurisdiction, or in the same state as the public housing that is being demolished.

(4) Whether destruction of public housing units by HUD and HANO can have a disparate impact in violation of 42 U.S.C. § 3604 where 100 percent of affected residents are African-American.

(5) Whether destroying homes can constitute irreparable harm as required for a preliminary injunction even if the residents of the homes may be able to seek monetary compensation for their losses.

(6) Whether public housing residents whose homes are destroyed have an adequate remedy at law due to the possibility of money damages even when sovereign immunity may prevent them from obtaining monetary damages from HUD.

(7) Whether due process can be satisfied, with regard to public housing residents' claims for deprivation of property by the presentation of demolition plans at a general, non-individualized public meeting at which residents are not permitted to present evidence or to challenge HUD's or HANO's decisions.

(8) Whether 42 U.S.C. § 3608 of the Fair Housing Act requires HUD and HANO to ensure that plans to demolish public housing in New Orleans do not reduce housing opportunities for African-Americans in New Orleans.

(9) Whether 42 U.S.C. § 3608 of the Fair Housing Act requires HUD and HANO, in approving a plan to demolish public housing, to consider the availability of affordable housing in New Orleans, the presence of racial discrimination in New Orleans' housing market, and the effect of the proposed demolition plan on housing opportunities for African-Americans in New Orleans.

(10) Whether the trial court can properly preclude discovery completely on claims under 42 U.S.C. § 3604 prior to a

3

summary judgment decision regarding the sufficiency of Plaintiffs' evidence.

Local Respondent, HANO, objects to the certification of the aforementioned questions for the following reasons:

(1) HANO objects to the certification of Question 1 and 2 on the grounds that a difference of opinion no longer exists regarding the private right of action at issue as the 1998 Congressional amendment specifically eliminated the language that provided for a private right of action.

(2) HANO objects to Question 3 on the grounds that the issue is not a controlling issue of law because it is based on an assumption that the Court found that HANO's provision of vouchers to public housing residents was not an offer of housing located in the same jurisdiction or that § 1437p requires housing to be in the same general jurisdiction of state in order to be considered "comparable."  In addition, the issue does not present a pure question of law and Plaintiffs highlight no difference of opinion as the case law cited is inapplicable.

(3) HANO objects to Question 4 on the grounds that no grounds for difference of opinion regarding this issue exists.  The case cited by Plaintiffs has expressly been rejected by the Supreme Court.

(4) HANO objects to Question 5 and 6 as not presenting a pure question of law as a fact intensive analysis was applied by the district court.  In addition, Plaintiffs do not present sufficient grounds for difference of opinion on this issue as the case law cited was inapplicable.

(5) HANO objects to the Question 7 because it requires an examination of the factual determinations made by the district court and because it is based on assumptions never found by the Court.

(6) HANO objects to Question 8 also citing the reliance on fact examination.  It further asserts that no substantial ground for difference of opinion is present.

(7) HANO objects to Question 9 because it requires assumptions never concluded by the Court

(8) HANO objects to Question 10 as not presenting a controlling question of law.

Federal Respondent, HUD, objects to the certification of the

aforementioned ten questions for the following reasons:

(1)   HUD objects to Question 1 & 2 as not stating an issue of law as to which any substantial ground exists for a difference of opinion, and the resolution of which would not materially advance the case.  The implied private cause of action cited by Plaintiffs have support from cases pre-dating the 1998 amendment to § 1437, which removed language to that point, and the case law since this amendment reinforces this.

(2)   HUD objects to Question 3 because the Court may not certify issues of law that is has never ruled upon.  In addition, Plaintiffs fail to show that there is substantial ground for difference of opinion on whether Section § 1437p includes this requirement because the case law cited was brought under the 13th and 14th Amendments, not the US Housing Act.

(3)   HUD objects to Question 4 as it fails to present an issue about which there are any substantial grounds for a difference of opinion.  The facts in the present case materially differ from those in the case law cited by Plaintiffs so the case law cited does not demonstrate a difference of opinion.

(4)   HUD objects to Question 5 because HUD argues that there is no real property interest involved in this case so the case law cited is inapplicable.  In addition, because this Court's ruling regarding the preliminary injunction is reviewed under an abuse of discretion standard, it is not appropriate for appeal under § 1292(b).

(5)   HUD objects to Question 6 because Plaintiffs have never raised the question of whether sovereign immunity would bar them from obtaining monetary damages from HUD.  In addition, just as in Question 5, this question affords the trial court discretion and is not suitable for appeal.

(6)   HUD objects to Question 7 as a highly fact-dependent issue that is inappropriate for interlocutory review.

(7)   HUD objects to Questions 8 and 9 as they do not present an issue of law as to which any substantial ground for difference in opinion exists.  Moreover, the Supreme Court has directly spoken on this issue if it is categorized as inaction.

(8)   Because the trial court's discretion regarding this issue, HUD contends that Question 10 is not appropriate for interlocutory review.

*DISCUSSION*

A.  **Legal Standard for Certifying Questions for Interlocutory Appeal**

In order to certify questions for interlocutory appeal under 28 U.S.C. § 1292, three conditions must be satisfied. First, the district court must certify in writing that there is a controlling issue of law involved in the order of the court at issue. *Castano v. American Tobacco Co.,* 162 F.R.D. 112, 115 (E.D. La. 1995).[1] Second, substantial ground for difference in opinion must be demonstrated. *Id.* Third, such an immediate appeal from the order may materially advance the ultimate termination of this litigation. *Id*.

The Fifth Circuit has provided further guidance regarding the factors that should inform a district court's decision to certify questions for interlocutory appeal. Specifically, in *Louisiana Patients' Compensation Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.,* the Fifth Circuit articulated that the question of law must be a *pure question of law*; permissive interlocutory appeals are not proper for determinations that involve application of law to fact. 411 F.3d 585, 588 (5th Cir. 2005). In addition, matters regarding the exercise of judicial discretion ordinarily do not fall within the ambit of "controlling questions of law." *McAuslin v. Grinnell Corp.*, 2000

---

[1] *Castano v. American Tobacco Co.,* 162 F.R.D. 112, 115 (E.D. La. 1995) was eventually overturned by the Fifth Circuit with regard to the multistate class certified by the district court in *Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996).

WL 1251966, at *1 (E.D. La. 2000); *see also Garner v. Wolfinbarger*, 430 F.2d 1093, 1097 (5th Cir. 1970). The Fifth Circuit also notes that parties seeking interlocutory appeal must show substantially differing views regarding the issue before the court. *Clark-Dietz & Assocs.-Engrs v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983). The Fifth circuit further expounds upon the interlocutory appeal standard by indicating that the Court of Appeals will only consider issues raised in district court or decided by the district court unless consideration of the issue will amount to the avoidance of a miscarriage of justice. *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470 (5th Cir. 2001); *see also Dehoyos v. Allstate Corp.,* 345 F.3d 290, 297 n.5 (5th Cir. 2003).

**B. Application of Interlocutory Appeal Standard to Plaintiffs' Questions**

(1) Whether 42 U.S.C. § 1437p and the Administrative Procedure Act provide public housing residents with a private right of action against HUD for the demolition of public housing units.

(2) Whether 42 U.S.C. § 1437p and § 1983 provide public housing residents with a private right of action against HANO for the demolition of public housing units.

Questions 1 and 2 address whether a private right of action exists regarding the demolition of public housing units. Plaintiffs cite *English Woods Civic Ass'n/Resident Cmty. Council v. Cincinnati Metro Housing Authority*, as support for its claim that tenants do have a private cause of action. 2004 WL 3019505 at *7 (S.D. Ohio Dec. 17, 2004). However, a closer examination of *English Woods* reveals that the *English Woods* court relied on

cases all pre-dating the 1998 amendment.  *See Havens Realty Corp. v. Coleman,* 455 U.S. 363 (1982)*; Hunt v. Washington Apple Growers Comm'n,* 432 U.S. 333 (1977)*; Resident Advisory Board v. Rizzo,* 564 F.2d 126, 138 (3d Cir. 1977)*, cert denied,* 435 U.S. 908 (1978).  Local Defendants counter Plaintiffs' claim regarding the private right of action by referring to the requisite factors to prove that Congress has intended that there be a private right of action.  *See Banks v. Dallas Housing Authority*, 271 F3d 605, 609 (5th Cir. 2001).  In *Banks*, the Fifth Circuit concluded that no such private right of action exists.  In 2002, the Supreme Court articulated in *Gonzaga University v. Doe,* that "where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."  536 U.S. 273, 286, 122 S.Ct. 2268, 2277, 153 L.Ed.2d 309 (2002).  This Court may not ignore the 1998 amendment to the relevant statute.  Although Plaintiffs do cite one Ohio district level case in support of their claim that a private right of action exists, the Fifth Circuit ruling and the Supreme Court interpretation indicate that no substantial ground for difference in opinion is demonstrated in the Fifth Circuit. If a controlling court of appeals has decided the issue, no substantial ground for a difference in opinion exists, leaving no reason to grant an immediate appeal.  *Brown v. Mesirow Stein Real Estate, Inc.*, 7 F. Supp.2d 1004 (N.D. Ill. 1998).

(3)   Whether 42 U.S.C. § 1437p requires HUD and HANO to offer displaced public housing residents with comparable housing that is located in the same jurisdiction, or in a surrounding jurisdiction, or in the same state as the public housing that is being demolished.

Plaintiffs raise Question 3, citing *Arrington v. City of Fairfield* as support. 414 F.2d 687 (5th Cir. 1969). In *Arrington*, the Fifth Circuit ruled that plaintiffs seeking to challenge an urban renewal program that displaced them from their homes without adequate available replacement housing had standing to seek protection to "their right to reside in the City by owning or renting housing." *Id*. at 691.

Federal Defendants assert that this Court should decline to certify Question 3 because the Court may not certify issues of law never ruled upon. Plaintiffs raised the issue presented in Question 3 while seeking preliminary injunctive relief, but the Court denied such relief based on other grounds. Specifically, the Court denied Plaintiffs' first Motion for Preliminary Injunction (Rec. Doc. No. 21) because of the need for further factual development. (Rec. Doc. No. 175). When Plaintiffs sought a preliminary injunction based on this notion a second time, the Court denied it based on the fact that an adequate remedy at law exists and because Defendants have met procedural requirements for approval of plans. (Rec. Doc. 539). Question 3 is based on an assumption that the Court found that HANO's provision of vouchers to public housing residents was not an offer of housing located in the same jurisdiction or that § 1437p requires housing to be in the same general jurisdiction

in order to be considered comparable.  This Court has made no ruling to that effect.  Public housing tenants are being provided access to either public housing units or vouchers to pay for private housing rent while repairs and redevelopment of public housing are being done.

(4)  Whether destruction of public housing units by HUD and HANO can have a disparate impact in violation of 42 U.S.C. § 3604 where 100 percent of affected residents are African-American.

This Court issued an order regarding this controlling issue of law on February 6, 2007.  (Rec. Doc. No. 175).  As grounds for difference of opinion regarding this issue, Plaintiffs cite *Metro. Housing Development Corp. v. Village of Arlington Heights*, 558 F.2d 1283 (7th Cir. 1977) (A case relying upon challenging a village's refusal to permit construction of project.)  In *Arlington Heights*, the Court stated that "the argument for racial discrimination is therefore not as strong as it would be if all or most of the group adversely affected was nonwhite."  *Id*. at 1291.  The basis for citing this case is to demonstrate that disparate impact may be shown even though a racially-homogeneous group is impacted.

The Fifth Circuit has specifically addressed this issue of disparate impact in *Stout v. Baxter Healthcare Corp*., 282 F.3d 856, 860 (5th Cir. 2002).  "Ordinarily, a prima facie disparate impact case requires a showing of a substantial statistical disparity between protected and non-protected [individuals]."  *Id*. at 860.  "[W]here only one group or class or class of persons

is affected by a particular decision, there is no disparity in treatment between groups and no 'disparate impact.'" *Id*. Further, no one has suggested that Plaintiffs are without housing.  A significant number of tenants have returned to public housing in the area.  Many are still displaced in other areas, housed in either public developments or voucher-supported private rentals.  Some are receiving vouchers for local private rentals.

(5)   Whether destroying homes can constitute irreparable harm as
      required for a preliminary injunction even if the residents
      of the homes may be able to seek monetary compensation for
      their losses.

Plaintiffs frame Question 5 as whether post-deprivation remedies can compensate for the loss of Plaintiffs' homes. However, local Defendant argues that there is no real property interest involved in this case so the case law cited is inapplicable.

Contrary to Defendant's arguments, the Fifth Circuit articulated in *Keelen v. Cain*, that while the Circuit lacks jurisdiction over the denial of a temporary restraining order, the denial of a motion for a preliminary injunction is an immediately appealable interlocutory order.  54 Fed. Appx. 406 (5th Cir. 2002); *see also* 28 U.S.C. 1292(a)(1).

Plaintiffs claim that legal remedies are inadequate where deprivation of real property is at issue.  *See O'Hagan v. United States*, 86 F.3d 776, 783 (8th Cir. 1996)("[M]onetary relief fails to provide adequate compensation for an interest in real property, which by its very nature is considered unique."); *Flack*

*v. Laster*, 417 A.2d 393, 400 (D.C. 1980) ("When land is the subject matter of the agreement, the legal remedy is assumed to be inadequate. . .").[2] Defendant alleges that these cases do not demonstrate that substantial difference of opinion exists as the impending case does not revolve around an interest in real property; rather, it relates to the continued receipt of housing assistance. The Supreme Court has asserted that public housing tenants have "a significant interest in property," namely in their "right to continued residence in their homes." *Greene v. Lindsey,* 456 U.S. 444, 451 (1982). Because Plaintiffs have a recognized property interest in continued public housing assistance, the cases cited by Plaintiffs represent a substantial difference of opinion. Moreover, a preliminary injunction based on this right may materially alter the outcome of this case.[3]

(6) Whether public housing residents whose homes are destroyed have an adequate remedy at law due to the possibility of money damages even when sovereign immunity may prevent them from obtaining monetary damages from HUD.

Plaintiffs raise the issue of whether sovereign immunity would bar them from obtaining monetary damages from HUD in

---

[2]The cases cited by plaintiffs deal with a homeowner seeking an injunction against the IRS (O'Hagan) and a holder of a contract to purchase a home seeking specific performance of the contract (Flack).

[3]Currently pending before the Court is an interlocutory appeal on the class certified by this Court on September 17, 2007, which dismissed all claims except those relating to voucher utilities. (Rec. Doc. No. 460). Should the Fifth Circuit reverse this certification, claims regarding access to housing may be reinstated and may be materially impacted by Question 5.

Question 6.  However, Plaintiffs never raised the question of sovereign immunity before this Court, which is a requisite for an interlocutory appeal.  *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001).  Even in Plaintiffs' Motion to Alter or Amend Judgment in Part (Rec. Doc. No. 178), this issue is not raised, which works against the notion that preventing the the Fifth Circuit to hear this issue raised for the first time on appeal would in some way constitute a miscarriage of justice.  Moreover, Plaintiffs fail to cite case law to highlight the existence of substantial difference of opinion.

(7)   Whether due process can be satisfied, with regard to public housing residents' claims for deprivation of property by the presentation of demolition plans at a general, non-individualized public meeting at which residents are not permitted to present evidence or to challenge HUD's or HANO's decisions.

Question 7 has been raised by Plaintiffs before the district court.  Its highly fact-sensitive nature, however, proves to be an obstacle to certification for appeal.  This Court found no colorable evidence "in the record [before this Court that shows] that the process that was allowed was [anything] other than reasonable." (Rec. Doc. No. 515, Ex. A to 168).  Appellate review of this "issue" would require the Fifth Circuit to simply re-evaluate the Court's factual determinations as opposed to simply clarify the legal concern.  In *Clark-Dietz*, the Fifth Circuit stated that even "those questions that are legal may be foreclosed [as inappropriate for 1292(b) review] by the fact finds of the district court." 702 F.2d at 69.  This Court finds

that *Goldberg v. Kelly,* the case cited by Plaintiffs represents a standard with factors to balance in determining whether due process has been provided as opposed to a steadfast rule of law. 397 U.S. 254 (1970).  Even the quoted text from *Goldberg* in Plaintiffs' memorandum reflects some level of discretion as opposed to an absolute requirement for an opportunity to confront and cross-examine as it reads, **"*in almost every setting*** where important decisions turn on questions of fact . . . due process requires an opportunity to confront and cross-examine adverse witnesses." (emphasis added) *Id*. at 269.  Although a trial-type hearing with cross-examination may be provided in some instances, The Supreme Court insists that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."  *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S. Ct. 893, 902 (1976). (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S. Ct. 2593, 2600 (1972)). "[P]rocedural due process requires neither perfect process nor infinite process.  Rather, it mandates a balancing of interests. . . ."  *Balcerzak v. City of Milwaukee,* 980 F.Supp. 983, 989 (E.D. Wis. 1997).  This Court balanced those interests and found the process reasonable, especially where the record shows an attempt to disrupt that process  by some claiming to represent tenant interests.  Last, Plaintiffs do not demonstrate via case law that HANO's process would contravene the *Goldberg* standard, which would support a claim that substantial grounds for difference of opinion exists.

14

(8)   Whether 42 U.S.C. § 3608 of the Fair Housing Act requires HUD and HANO to ensure that plans to demolish public housing in New Orleans do not reduce housing opportunities for African-Americans in New Orleans.

(9)   Whether 42 U.S.C. § 3608 of the Fair Housing Act requires HUD and HANO, in approving a plan to demolish public housing, to consider the availability of affordable housing in New Orleans, the presence of racial discrimination in New Orleans' housing market, and the effect of the proposed demolition plan on housing opportunities for African-Americans in New Orleans.

With Question 8 and 9, Plaintiffs ask that the Court of Appeals evaluate if the Fair Housing Act places upon HUD and HANO an affirmative duty to make certain that housing available to African-Americans is not reduced and to consider the factors listed in Question 9.  Federal Defendants argue that these questions are subsets of the question of whether a plaintiff can premise APA review of agency action alleged to be "unlawfully withheld or unreasonably delayed" as to a matter on which the agency had discretion to act, which has been addressed by the Supreme Court.  While the Supreme Court addressed this issue in *Norton v. Southern Utah Wilderness Alliance*, by stating a claim under Administrative Procedure Act § 706(1) can proceed only where a plaintiff asserts that an agency failed to take discrete agency action that it is required to take, Plaintiffs in the instant action seek to have determined what action is required. 542 U.S. 55, 64 (2004).  While this Court found that no colorable evidence showed any "constitutional violation . . . [or] federal statutory violation of the tenants' rights as it respects the timing of or the condition of our demolition or redevelopment of

15

the various developments at issue here," Plaintiffs seek interlocutory review.  Rec. Doc. No. 515 Ex. A at 168.

In *Langlois v. Abington,* the court found that the statute instructs HUD to administer its grant programs so as "affirmatively to further" the Act's fair housing policy, which requires more than just refraining from discrimination; the statute makes clear that people in need of access to fair housing, minorities and the poor are the intended beneficiaries. 234 F. Supp. 2d 33 (D. Mass. 2002) 71-72.  Whether or not HUD and HANO's plans for demolition and subsequent construction support an evaluation of these groups is not contested, but what 42 U.S.C. § 3608 requires of HUD with regard to its considerations would constitute a controlling issue of law.  *Langlois* does represent substantial grounds for difference in opinion regarding what is affirmatively required of the HUD and HANO.

In *NAACP v. HUD,* the Court defined HUD's obligation under 3608 to include consideration of the effect of a HUD grant on "the racial and socioeconomic composition of the surrounding area," which implies, "at a minimum, an obligation to assess negatively those aspects of a proposed course of action that that would further limit the supply of genuinely open housing and to assess positively those aspects of a proposed course of action that would increase that supply." 817 F.2d 149, 156 (1st Cir. 1987).  In *Otera v. New York City Hous. Auth.,* the court stated that they "are satisfied that the affirmative duty placed on the Secretary of HUD by § 3608(d)(5) and through him on other

agencies administering federally-assisted housing programs also requires that consideration be given to the impact of proposed public housing programs on the racial concentration in the area in which the proposed housing is to be built.  Action must be taken to fulfill, as much as possible, the goal of open, integrated residential housing patterns and to prevent the increase of segregation, in ghettos, of racial groups whose lack of opportunities the Act was designed to combat." 484 F.2d 1122, 1133-34 (2d Cir. 1973).  It should be noted that in the impending matter HUD considered various pertinent factors in developing its plan for demolition and redevelopment.  *See* Rec. Doc. No. 534, Exhibit 1 & A.  HUD and HANO have undertaken a bold and extensive plan to improve public housing in this area. Extensive consideration is being given to meet the needs of all tenants.  The plans as written, after due public comment and other documented considerations, seek to prevent an increase of segregation and to provide public housing to all who need it.

(10) Whether the trial court can properly preclude discovery completely on claims under 42 U.S.C. § 3604 prior to a summary judgment decision regarding the sufficiency of Plaintiffs' evidence.

Plaintiffs claim that this Court's decision to grant Defendant's summary judgment motion on Plaintiffs' disparate impact claim without having allowed Plaintiffs to obtain discovery related to that claim.  This assertion is false as Plaintiffs were allowed expedited discovery months before this Court's ruling on summary judgment. (Rec. Doc. No. 57).

### *CONCLUSION*

For the aforementioned reasons, this Court certifies for interlocutory appeal:  (1) Whether or not dismissal of Plaintiffs' claims under 42 U.S.C. §§ 1437p, 1983, 3604 and 3608 constitute reversible error? (2)  Whether or not denial of Plaintiffs' request for the issuance of a preliminary injunction preventing demolition and redevelopment of certain public housing developments constitute reversible error?

New Orleans, Louisiana, this 12th day of December, 2007.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE