| | | |
|---|---|---|
| YOLANDA ANDERSON, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 06-3298 |
| | * | |
| U.S. DEPARTMENT OF HOUSING AND URBAN | * | SECTION "B"(5) |
| DEVELOPMENT, ET AL. | * | |

<u>ORDER AND REASONS</u>

Before the Court is the Motion to Dismiss Amended Complaint, or Alternatively, for Summary Judgment (Rec. Doc. No. 648) filed by Defendants Diane Johnson, Karen Cato-Turner, and the Housing Authority of New Orleans (collectively hereinafter "HANO"), as well as the Motion to Dismiss (Rec. Doc. No. 651) filed by federal Defendants Shaun Donovan and the U.S. Department of Housing and Urban Development (hereinafter collectively "HUD"). Plaintiffs filed an opposition to each of Defendants' motions (Rec. Doc. Nos. 668 and 666, respectively). HUD filed a reply (Rec. Doc. No. 680), as did HANO (Rec. Doc. No. 692). After considering the motions, responses, applicable law, and oral argument by the parties, and for the reasons that follow,

**IT IS ORDERED** that Defendants' motions to dismiss (Rec. Doc. Nos. 648 and 651) are **GRANTED IN PART** as to all claims except for the due process claims related to the administration of voucher programs; all claims other than Plaintiffs' due process claims are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to re-amend their First Amended Complaint (Rec. Doc. No. 635) no later than forty-five (45) days from entry of this order so that the complaint includes **only** the remaining due process claims relative to administration of voucher programs.

**IT IS FURTHER ORDERED** that summary judgment (Rec. Doc. No. 648) as to HANO is **DENIED** as premature. Discovery has not yet taken place on Plaintiffs' remaining claim of due process violations regarding administration of voucher programs; as such, this remaining claim is not yet ripe for summary disposition.

**IT IS FURTHER ORDERED** that, due to the need for further discovery regarding Plaintiffs' remaining claim of due process violations as to administration of voucher programs, Plaintiffs' Motion for Discovery (Rec. Doc. No. 669) is **GRANTED only as to the remaining due process claim**. The parties shall **jointly** submit to the Court an amended discovery schedule, if necessary, proposing deadlines for discovery as to this remaining claim.

<u>*BACKGROUND*</u>

This case arises from plans by HANO to demolish and redevelop four deteriorated public housing developments: B.W. Cooper, C.J. Peete, St. Bernard, and Lafitte — also known as "the Big Four." The planning of this demolition began prior to Hurricane Katrina but was accelerated after the storm struck due to further damage caused by the storm. HANO submitted an application to HUD to

approve the demolition, which this Court and the Fifth Circuit later found to have met the requirements set forth in 42 U.S.C. § 1437p. *See Anderson v. Jackson*, 556 F.3d 351, 354, 360 (5th Cir. 2009) (hereinafter "*Anderson II*") (affirming this Court's denial of preliminary injunction).

Upon this Court's order certifying the Plaintiffs' class in this litigation, HANO filed a petition for interlocutory review by the Fifth Circuit. Upon review of the class certification order, the Fifth Circuit held that the class was improperly certified because Plaintiffs did not plead the certified claims, which relate to Defendants' administration of the voucher program, in their complaint. *See Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 529 (5th Cir. 2008) (hereinafter "*Anderson I*"). The case was remanded for further proceedings. Six months after the Fifth Circuit issued this decision, Plaintiffs filed a Motion for Leave to File an Amended Complaint (Rec. Doc. No. 621), and the Court granted Plaintiffs' motion. Defendants now move to dismiss and/or seek summary judgment of Plaintiffs' First Amended Complaint (Rec. Doc. No. 635), which alleges (1) Defendants' violation of the Fair Housing Act (hereinafter "FHA") 42 U.S.C. § 3608, enforceable through the Administrative Procedure Act (hereinafter "APA") 5 U.S.C. § 706 as to HUD and through 42 U.S.C. § 1983 as to HANO; (2) HUD's violation of the U.S. Housing Act of 1937, 42 U.S.C. § 1437p, enforceable through APA 5 U.S.C. § 706; (3) HANO's breach of

contract — specifically, Section X(b) of HANO's lease agreements with Plaintiffs; and (4) Defendants' violation of the Due Process Clauses of the Fifth and Fourteenth Amendments. *See* Pls.' First Am. Compl. ¶¶ 80-98.

## A. *HANO's Motion to Dismiss or for Summary Judgment*

HANO asserts that Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state a valid claim as a matter of law based upon HANO's administration of the voucher program. Alternatively, HANO argues that it is entitled to summary judgment over Plaintiffs' claims because the claims cannot be sustained against HANO. Finally, HANO argues that dismissal of Plaintiffs' claims is proper under Federal Rule of Civil Procedure 12(b)(7) due to Plaintiffs' failure to join necessary and indispensable parties.

Specifically, HANO argues that dismissal under Rule 12(b)(6) is proper because Plaintiffs seek to compel HANO to act in contradiction to the statutory and regulatory provisions that created the voucher program at issue by demanding that HANO pay more than it is permitted to pay under those statutes and regulations. HANO also argues that its administration of the voucher program complies with the FHA § 3608 requirement that housing agencies advance goals of integration, balanced living patterns, and fair housing opportunities.

HANO further contends that this Court has already dismissed

Plantiffs' breach of contract claims in its order (Rec. Doc. No. 460) granting HANO's Second Motion for Summary Judgment; alternatively, HANO argues that it is now entitled to summary judgment over that claim because the express lease terms do not require HANO to make utility payments for voucher recipients.

HANO also contends that their administration of the voucher program does not violate the Due Process Clause. Specifically, HANO argues that Plaintiffs fail to demonstrate any protected property interest in the receipt of free utilities or housing of a particular quality or character. HANO alternatively argues that, even if Plaintiffs can demonstrate a protected property interest, HANO has not deprived them of that interest. HANO argues further in the alternative that even if Plaintiffs were deprived of some level of process, Plaintiffs suffered no harm as a result of that deprivation.

Finally, HANO claims that Plaintiffs' claims should be dismissed under Rule 12(b)(7) for failure to join necessary and indispensable parties. HANO explains that the relief sought by Plaintiffs (i.e., increased voucher payments to cover utilities) would adversely impact many other public housing authorities nationwide because several Plaintiffs no longer live in New Orleans and thus fall outside of the purview of the voucher program administered by HANO. HANO argues that these Plaintiffs living outside of New Orleans must seek increased voucher payments from their local public housing authorities.

Plaintiffs argue that, contrary to HANO's assertion, HANO's payment of Plaintiffs' utilities is not limited by federal housing legislation, citing 42 U.S.C. § 1437f(o)(2)(A) for the proposition that monthly assistance payments may include an allowance for tenant-paid utilities. Plaintiffs also argue that HANO's administration of vouchers in lieu of providing public housing violates FHA § 3608 by depriving Plaintiffs of access to affordable, safe housing.

Plaintiffs also counter HANO's assertion that the breach of contract claim was already dismissed by this Court. Specifically, Plaintiffs argue that the Court actually preserved their breach of contract claim as it relates to the administration and issuance of vouchers to Plaintiffs.

As to HANO's argument that Plaintiffs failed to join all necessary parties, Plaintiffs assert that other local public housing authorities are unnecessary parties to this action because "Defendants could opt to administer utility assistance through PHAs in cities where class members reside, but the money would come from HUD and HANO." (Pls.' Mem. 8.)

Plaintiffs also argue that HANO is not entitled to summary judgment. As to the breach of contract claim, Plaintiffs argue that HANO's interpretation of the lease agreement is incorrect as a matter of law. Plaintiffs also claim that HANO's leases specifically obligate HANO to provide utilities and that the vouchers issued by HANO do not fulfil this obligation. Plaintiffs

further contend that, although the HANO leases do state that HANO "will not be liable for the failure to provide utility service for any cause whatsoever beyond its control," it was HANO's decision to demolish the Big Four and instead provide vouchers that do not cover all of Plaintiffs' utilities that ultimately deprived Plaintiffs of the utility services contracted for in their leases with HANO.

Plaintiffs also contend that they have been deprived of a protected property interest under the Due Process Clause — namely, the continued receipt of utility services from HANO.

Finally, Plaintiffs argue that summary judgment is not appropriate at this juncture due to the need for additional discovery to determine whether HANO has complied with its statutory and due process obligations. *See* Pls.' Mot. for Additional Discovery (Rec. Doc. No. 669).

B.  ***HUD's Motion to Dismiss***

HUD moves for dismissal of Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

With regard to this Court's purported lack of subject matter jurisdiction, HUD argues that Plaintiffs' suit against HANO provides Plaintiffs with an adequate alternate remedy and thus precludes relief against HUD under APA § 704. HUD further argues that the relief sought by Plaintiffs is effectively for money damages and is thus precluded under APA § 702, which allows only

for "relief other than money damages." Finally, HUD argues that Plaintiffs lack standing to challenge the inadequacy of any vouchers received on or after July 5, 2007 — the date that Plaintiffs were offered HANO public housing units, including utilities, in the Iberville housing development.

HUD alternatively argues that Plaintiffs fail to state a legally cognizable claim in their amended complaint. Specifically, HUD argues that it has fulfilled its obligation to ensure that the displaced Plaintiffs were offered "comparable housing" in accordance with 42 U.S.C. § 1437p(a)(4). HUD correctly notes that the Fifth Circuit ruled in favor of Defendants on this very point in *Anderson II*.

HUD also argues that Plaintiffs' allegation that HUD failed to administer programs in a manner that furthered the policies of the FHA, 42 U.S.C. § 3608(e)(5), must fail. Although APA § 706(1) allows a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," HUD contends that it was under no mandatory statutory obligation to take the specific action of paying for Plaintiffs' separately metered utilities. HUD relies heavily upon *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55 (2004) in support of this argument that Plaintiffs are not entitled to the relief sought because there was no express statutory obligation to provide utility payments. HUD further argues that, even if this Court's review of HUD's actions were proper under the APA, Plaintiffs' FHA claims should still fail

because the amended complaint fails to allege any form of racial discrimination in housing.  Finally, HUD argues that Plaintiffs' due process claim must fail because HUD has not deprived Plaintiffs of a legally cognizable property interest.

Plaintiffs contend that this Court already rejected HUD's jurisdictional challenge when it decided to allow Plaintiffs' claims related to voucher administration.  Further, Plaintiffs correctly note that the Fifth Circuit held that Plaintiffs' § 1437p claims are barred as to HUD only to the extent that they seek money damages.  Plaintiffs allege that they are seeking specific declaratory or injunctive relief rather than monetary relief and, as such, their claims should survive 12(b)(1) dismissal.

Plaintiffs further argue that HUD's offering of alternate housing in the Iberville development does not defeat Plaintiffs' standing in this case.  Plaintiffs contend that they still meet all of the requirements of standing, despite their refusal to accept HUD's offer of Iberville housing for various reasons, because the injury that they suffered was not so completely due to Plaintiffs' fault as to break the causal chain linked to HUD.

Plaintiffs also contend that this Court's review of their FHA § 3608 claim against HUD is reviewable under APA § 704 because filing suit against HANO alone would be an inadequate remedy. Plaintiffs essentially contend that, because HANO's administration is so intertwined with HUD, HUD's being named as a Defendant in this suit is essential for Plaintiffs' relief.

As to HUD's motion for 12(b)(6) dismissal, Plaintiffs claim that its § 1437p claim has not yet been decided on the merits but rather has been addressed only in the context of this Court's denial of Plaintiffs' motion for preliminary injunction. Plaintiffs also claim that they stated a claim as to their § 3608 claims and due process claims.

*DISCUSSION*

**A.   *Standards of Review***

**1.   *Motion to Dismiss Under Rule 12(b)(1)***

Under Rule 12(b)(1), a party may move to dismiss an action if the Court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof in a Rule 12(b)(1) motion falls on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Additionally, a Rule 12(b)(1) motion filed in conjunction with other Rule 12 motions should be considered first to prevent a Court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

**2.   *Motion to Dismiss Under Rule 12(b)(6)***

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, an allegation may be dismissed from a plaintiff's complaint when it fails to state a claim as a matter of law. A Defendant may attach to a motion to dismiss documents referred to in a plaintiff's

complaint and which are integral to the plaintiff's claim, such as contracts, leases, or permits; those documents are to be considered as part of the pleadings when they are referred to and are central to a plaintiff's claims. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). In considering a Rule 12(b)(6) motion to dismiss, courts have found that dismissal pursuant to this provision "'is viewed with disfavor and is rarely granted.'" *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

Until recently, the standard for a motion to dismiss was often phrased in such a way that a district court could not dismiss a complaint under Rule 12(b)(6) "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The Supreme Court in *Twombly*, however, recently noted that the phrase "no set of facts" "is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . ." and that the allegations in the complaint must be "plausible" with

"enough fact to raise a reasonable expectation that discovery will reveal evidence." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-46 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (discussing *Twombly*).  The *Twombly* Court went on to note that the standard, in reality, remains the same and that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.  The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey*, 117 F.3d at 247 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969)).  "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001).

### 3.  *Administrative Procedure Act*

Under the APA, relief against federal agencies such as HUD may be obtained only for final agency actions that have no adequate alternative remedy in a court.  5 U.S.C. § 704.  As such, an APA action against a federal agency is subject to dismissal if the requested remedy might have been properly obtained from a third party.  *See Turner v. Sec'y of HUD*, 449 F.3d 536, 539-41 (3d Cir.

2006).  Furthermore, relief in the form of money damages is not permitted against federal agencies under the APA; specific or injunctive relief is the only form of relief permitted against a federal agency.  *See Anderson II*, 556 F.3d at 359-60 (citing 5 U.S.C. § 702).

Plaintiffs seek relief against HUD through Section 706 of the Administrative Procedure Act.[1]  (Pls.' 1st Am. Compl. ¶¶ 83 and 89.)  Under § 706(1), a reviewing court must "compel agency action unlawfully withheld or unreasonably delayed."  Review under § 706(1), however, is permissible only when a plaintiff has asserted

_____

[1]APA § 706 explains the Court's scope of review of agency actions:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
> (B) contrary to constitutional right, power, privilege, or immunity;
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706.

an agency's failure "to take a *discrete* agency action that it is *required to take*." *Norton v. So. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). "§ 706(1) empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing *how* it shall act.'" *Id.* (emphasis in original; citations omitted).

APA § 706(2)(A), on the other hand, compels courts to set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(A)(2). When the Court reviews an agency's construction of a statute administered by that agency, it must determine whether Congress has unambiguously expressed an intent regarding the precise question at issue. *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842-43 (1984). If the intent of Congress is clear, then the Court and the agency must effectuate that unambiguously expressed intent of Congress. *Id.* If the Court, however, determines that Congress has not directly addressed the precise question at issue, it may not then impose its own construction of the statute but must instead defer to the agency's reasonable interpretation of the statute. *Id.* at 843-44. Reversal of the agency action by the Court in this situation is proper only when the agency's construction of the statute is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *La.*

*Envtl. Action Network v. EPA*, 382 F.3d 575, 582 (5th Cir. 2004) (citing 5 U.S.C. § 706(2)(A) and *City of Abilene v. EPA*, 325 F.3d 657, 664 (5th Cir. 2003)).

### 4. *Motion to Dismiss Under Rule 12(b)(7)*

Rule 12(b)(7) of the Federal Rules of Civil Procedure states that a party may assert failure to join a party under Rule 19 as a defense. The Fifth Circuit has articulated the following standard in analyzing Rule 12(b)(7) motions:

> Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed."

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (footnotes omitted).

### 5. *Motion for Summary Judgment*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477

U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.   *Analysis***

   **1.   *§ 1437p Claim Against HUD***

Plaintiffs contend that they are seeking specific relief rather than monetary damages due to alleged violations of the U.S. Housing Act of 1937, 42 U.S.C. § 1437p, which governs the demolition and disposition of public housing. This Court has jurisdiction under the APA to enforce any such specific relief, if awarded, against the federal defendants in this matter; a substitute form of relief such as money damages, however, is not permitted. *See* 5 U.S.C. § 702; *Anderson II*, 556 F.3d 351, 359 (5th

Cir. 2009).

Plaintiffs have not identified any authority that would allow this Court to award specific relief in this case at this juncture. Although Plaintiffs have filed an Amended Complaint (Rec. Doc. No. 635) asserting a claim to relief under § 1437p and characterizing the claim as one for "declaratory and injunctive relief," the Court is not convinced that Plaintiffs seek anything other than money damages, which Plaintiffs may not seek under the APA. *See Anderson II*, 556 F.3d at 359. Although Plaintiffs correctly argue in their opposition that "[§ 702] would allow the Residents to sue HUD for non-monetary damages stemming from any legal wrongs suffered in the demolition application approval process," Plaintiffs have failed to identify what, if any, specific relief they are currently entitled to and the authority for that relief. *See Anderson II*, 556 F.3d at 359 ("[A] monetary remedy is properly considered specific relief when it gives the plaintiff 'the very thing to which he was entitled' under the relevant statute," e.g., when a statute provides that the Secretary "shall pay" certain amounts) (citing *Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988)). In this case, it seems that the only remaining relief available to Plaintiffs for the alleged § 1437p violations is monetary compensation for alleged injuries associated with the demolition of their former public housing units, and Plaintiffs have not identified any statutory authority showing specific entitlement to such a monetary payment.

17

*See Anderson II*, 556 F.3d at 359.  As a result, Plaintiffs' § 1437p claims against HUD are dismissed due to an absence of authority to cast an award of money damages against HUD.

   *2.   § 3608 Claims Against HANO and HUD*

   Plaintiffs also allege violations of 42 U.S.C. § 3608 of the FHA as to both HANO and HUD, enforceable through 42 U.S.C. § 1983 and APA § 706 respectively.  Section 3608 requires agencies to administer their housing programs in a way that affirmatively furthers the purposes of the FHA, which seeks to advance integrated housing patterns to prevent increases in segregation.  *See Otero v. New York City Housing Authority*, 484 F.2d 1122, 1134 (2d Cir. 1973).  Congress has thus placed housing and urban development agencies in a position that affords them a reasonable amount of discretion when formulating programs in alignment with the FHA's broad statutory mandates.  *See Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842-44 (1984).  This Court must therefore defer to reasonable agency decisions so long as they are not violative of the Constitution or clearly lacking legal or factual basis.  *See id*.  Deference to HANO and HUD with respect to the § 3608 claims is warranted here.

   Plaintiffs fail to identify an affirmative statutory mandate requiring Defendants to pay for utility costs or perform any other discrete action in that regard, and this Court may not compel Defendants to act in the absence of constitutional or congressional

18

statutory authority. *See Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55 (2004).[2] Because the Court finds no violation of any specific statutory mandate under the FHA, and because the Court finds the § 3608 agency actions of Defendants to be reasonable, Plaintiffs' claims under § 3608 are dismissed as to both HANO and HUD.

### 3. *Breach of Contract Claim Against HANO*

Plaintiffs also allege in their Amended Complaint that HANO has breached Section X(b) of the lease agreement, which Plaintiffs argue required HANO to provide replacement housing to Plaintiffs after Plaintiffs' original housing sustained damage. Plaintiffs contend that the vouchers offered by HANO to Plaintiffs are inadequate replacement housing. Prior to Plaintiffs' filing their Amended Complaint, this Court had already dismissed all of Plaintiffs' claims against HANO for breach of the lease agreement based on failure to repair. (*See* Rec. Doc. No. 460.)

In their Amended Complaint, Plaintiffs essentially seek to rehash this same breach-of-lease claim. It is noteworthy that

---

[2]The Court held that "a claim under 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton*, 542 U.S. at 64 (emphasis in original). The Court offered the following justification for its holding:

> If courts were empowered to enter general orders compelling compliance with broad statutory mandates, they would necessarily be empowered, as well, to determine whether compliance was achieved — which would mean that it would ultimately become the task of the supervising court, rather than the agency, to work out compliance with the broad statutory mandate, injecting the judge into day-to-day agency management.

*Id.* at 66–67.

Section X of the lease agreement obligates HANO to provide replacement units only "if available." Regardless, this Court has already found that HANO's actions in providing alternate accommodations did not breach the lease agreements at issue here. (*See* Rec. Doc. No. 460.) It logically follows that Plaintiffs' allegations of lease agreement violations here must fail.

### 4. *Due Process Claims Against HANO and HUD*

Plaintiffs' remaining claims against HANO and HUD are grounded in the Due Process Clauses of the Fourteenth and Fifth Amendments to the U.S. Constitution. Specifically, Plaintiffs allege that HANO and HUD denied them "without notice and an opportunity to be heard . . . certain benefits of the public housing assistance they received before they were displaced, including assistance with utilities and the ability to live in New Orleans . . . ." (First Am. Compl. ¶¶ 95-96.) Defendants seek dismissal of Plaintiffs' due process claims.

### a. Jurisdictional Issues

### i. Standing

As a threshold matter, Plaintiffs here have standing, despite Defendants' offer of housing in the Iberville development, because Plaintiffs' alleged injury (i.e., deprivation of public housing with utilities included in the rent) is not *solely* attributable to Plaintiffs. *See, e.g., McConnell v. FEC*, 540 U.S. 93, 227-28 (2003), *overruled on other grounds by Citizens United v. FEC*, 130

S. Ct. 876 (2010), *cited in* 13A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3531.5 n.73 (3d ed. 2009) ("Standing is defeated only if it is concluded that the injury is so completely due to the plaintiff's own fault as to break the causal chain."). In *McConnell*, the Court held that Plaintiffs' personal choice not to solicit large campaign contributions was the source of their injury rather than conduct of the Defendant. *Id.* In this case, however, Plaintiffs' alleged due process injury, if proven, would stem from the conduct of HUD and/or HANO in their implementation and administration of the voucher program. That Plaintiffs may have contributed to their own injuries by refusing alternative housing in Iberville is of no moment; Plaintiffs have standing to pursue their due process claims because this offer of alternative housing was insufficient to break the causal chain between Defendants and the alleged due process violations related to the voucher program.

### ii. "Other Adequate Remedy"

HUD also contends that relief against HANO alone would be an adequate alternate remedy for Plaintiffs and that, under the APA, HUD should be dismissed from this suit as a result. *See* 5 U.S.C. § 704. The Court is not convinced, however, that Plaintiffs would be afforded adequate relief without HUD's involvement as Defendant in this suit. *Lattimore v. Northwest Cooperative Homes Association*, Civ. A. No. 90-0049(RCL), 1992 WL 118383 (D.D.C. May

19, 1992) is directly on point. In *Lattimore*, Plaintiff challenged the termination of her federal housing assistance benefits by filing a due process claim against HUD, who was joined in the suit with private defendants in charge of administering the federal housing program at issue (similar to HANO here). *Id.*, at *1. With respect to Lattimore's due process claim against HUD, the Court held that there was no other adequate remedy against a non-federal defendant and that APA § 702's waiver of sovereign immunity could be applied against HUD. *Id.,* at *7. Specifically, the Court found that "HUD ha[d] not identified any other mechanism that would insure that plaintiff could obtain appropriate relief *against the government*; HUD's arguments are predicated on plaintiff seeking relief from the private defendants who will then seek reimbursement from HUD." *Id.* The same holds true in this case, and this Court, like the *Lattimore* Court, "is not convinced that such a scheme was what Congress intended by 'no other adequate remedy' in § 704." *Id.* Furthermore, adequate relief may not be available with regard to Plaintiffs' remaining due process claim if HUD is dismissed from the suit. *See Tinsley v. Kemp*, 750 F. Supp. 1001, 1009 (W.D. Mo. 1990) ("The pervasive regulation, the frequent and close oversight, and the funding provided by HUD to HAKC illustrates that HAKC could not correct alleged problems to any significant degree without HUD cooperation, supervision, approval and funding. A remedy directed only at HAKC could be nearly worthless in these circumstances."),

*superseded by statute on other grounds as stated in Anderson II*, 556 F.3d 351, 357 (5th Cir. 2009). As such, APA § 704 does not divest this Court of jurisdiction over HUD in this case.

### iii. Injunctive Relief

In their Amended Complaint, Plaintiffs seek injunctive relief against HUD under the Due Process Clause — specifically, to prevent HUD from denying Plaintiffs the utility allowance they claim to be entitled to without first giving them notice and opportunity to be heard. Additionally, this Court has already recognized that HUD's sovereign immunity has been waived under 5 U.S.C. § 702 as to Plaintiffs' claims under the Due Process Clause. (*See* Rec. Doc. No. 175 at 19-20.) As result, HUD's argument that this Court lacks jurisdiction to consider Plaintiffs' claims under § 702 is without merit.

### b. Protected Property Interest

The Court must now determine whether Plaintiffs' alleged entitlement to continued receipt of "certain benefits of the public housing assistance they received before they were displaced, including assistance with utilities and the ability to live in New Orleans," is a protected property interest under the Due Process Clauses of the Fifth and Fourteenth Amendments of the U.S. Constitution. For Plaintiffs to assert a valid due process claim, they must have asserted "a legitimate claim of entitlement" to the benefit they claim to have been deprived of. *Bd. of Regents v.*

*Roth*, 408 U.S. 564, 577 (1972).  It is undisputed that the continued receipt of assisted housing benefits is a protected property interest.  (*See* HANO's Mot. at 18.)  Furthermore, this Court has already recognized Plaintiffs' property interest in continued public housing assistance.  (*See* Rec. Doc. No. 175 at 20.)  Rule 12(b)(6) dismissal of Plaintiffs' due process claims related to the administration of the voucher program would be improper because Plaintiffs are claiming that they were deprived of procedural due process with regard to "certain benefits of the public housing assistance they received before they were displaced, including assistance with utilities and the ability to live in New Orleans," i.e., continued receipt of public housing assistance.

Furthermore, awarding summary judgment in favor of HANO would be premature at this juncture.  Granting summary judgment may be an abuse of discretion when additional discovery is needed.  *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267-68 (5th Cir. 1991).  Plaintiffs have demonstrated that there are issues of material fact with potential impact on their remaining due process claims pertaining to administration of the voucher program, but discovery has not yet taken place on these issues.  (*See* Pls.' Mem. in Opp. to HANO's Mot. at 16-17.)  As such, summary judgment would be improper at this time and is denied without prejudice to reurge once the parties have completed discovery and in compliance with the pre-trial motions deadline established by this Court's Rule 16

Scheduling Order.

Finally, with respect to HANO's 12(b)(7) motion to dismiss, HANO claims that other local public housing authorities in communities outside of New Orleans where some Plaintiffs reside would be necessary Defendants in this matter. Plaintiffs' Prayer for Relief, however, seeks a certification of a class that is restricted to individuals who, among other qualifications, "are entitled to vouchers or other forms of rental assistance from HUD or HANO pursuant to HUD's regulations." To the extent that any Plaintiffs are living outside of New Orleans and are not entitled to vouchers from HUD or HANO, those Plaintiffs will not be entitled to relief under the Amended Complaint. As such, no other local housing authorities are required to be joined under Rule 19(a) of the Federal Rules of Civil Procedure, and dismissal under Rule 12(b)(7) would therefore be improper.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motions to dismiss (Rec. Doc. Nos. 648 and 651) are **GRANTED IN PART** as to all claims except for the due process claims related to the administration of voucher programs; all claims other than Plaintiffs' due process claims are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to re-amend their First Amended Complaint (Rec. Doc. No. 635) no later than forty-five (45) days from entry of this order so that the

complaint includes **only** the remaining due process claims as noted above.

**IT IS FURTHER ORDERED** that summary judgment (Rec. Doc. No. 648) as to HANO is **DENIED** as premature. Discovery has not yet taken place on Plaintiffs' remaining claim of due process violations regarding administration of voucher programs; as such, this remaining claim is not yet ripe for summary disposition.

**IT IS FURTHER ORDERED** that, due to the need for further discovery regarding Plaintiffs' remaining claim of due process violations as to administration of voucher programs, Plaintiffs' Motion for Discovery (Rec. Doc. No. 669) is **GRANTED only as to the remaining due process claim**. The parties shall **jointly** submit to the Court an amended discovery schedule, if necessary, proposing amended deadlines for discovery as to this remaining claim.

New Orleans, Louisiana, this 23rd day of March, 2010.


_____
                IVAN L.R. LEMELLE
        UNITED STATES DISTRICT JUDGE