## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **YOLANDA ANDERSON, ET AL.,** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **No. 06-3298** |
| | * | |
| **SHAUN DONOVAN, ET AL.,** | * | **SECTION "B"** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice as Named Plaintiffs Hilda Johnson, Emelda May, Mary Ann Wright, and Catrice Doucet (Rec. Doc. No. 727), Defendant's opposition thereto (Rec. Doc. No. 732) filed by HANO, and Plaintiffs' reply in support of the motion (Rec. Doc. No. 741). After considering the motion, responses, applicable law, and oral argument via telephone, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Without Prejudice as Named Plaintiffs is **GRANTED** with respect to Ms. Johnson, Ms. May, and Ms. Wright and **DENIED** with respect to Ms. Doucet.[1]

### *A. MOTION TO VOLUNTARILY DISMISS STANDARD*

As a general rule, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002)

---

[1] We are grateful for the work on this case by Michael Drory, a University of Pennsylvania Law School extern with our Chambers.

(citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). Faced with a Rule 41(a)(2) motion, the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. 279 F.3d at 317. If not, it should generally, absent some evidence of abuse by the movant, grant the motion. *Id*. If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice. *Id*. at 318. If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied. *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv.* 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & Miller, *Federal Practice and Procedure* § 2364 (1971 and Supp. 1990)). Important in assessing prejudice is the stage at which the motion to dismiss is made. 903 F.2d at 360. "Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Id*. (citing Kramer v. Butler, 845 F.2d 1291, 1294-95 (5th Cir. 1988) (holding that there was no abuse of discretion for district court to deny plaintiff's motion for voluntary dismissal where habeas corpus petition litigated for one year and full evidentiary hearing conducted "at significant expense to the state

and federal governments")). The district court's determination on this point, i.e. whether to grant or deny an unconditional dismissal, is reviewed for abuse of discretion. *See Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

**B. MOTION TO VOLUNTARILY DISMISS FOR PLAINTIFFS JOHNSON, MAY, AND WRIGHT**

Given the procedural history of the case and the applicable law, it is within the Court's discretion to grant the motion as to Plaintiffs Johnson, May, and Wright. The confluence of following factors suggests that the non-movant defendants will not suffer plain legal prejudice if the motion is granted. First, plaintiffs Johnson, May, and Wright have actively pursued their claims against defendants for more than three years since the claim was first filed in June 2006. Each has submitted to two depositions and responded to written discovery. In addition, both Ms. Johnson and Ms. Wright were each subject to a psychological evaluation. While the last request for depositions comes after plaintiffs filed their First Amended Complaint, the granting of this motion will not legally prejudice the defendant. Having already served as named plaintiffs for over three years and already submitted to two depositions, it is unlikely that Johnson, May, or Wright will provide any new information that would legally prejudice non-

movants.  Regardless, as defendants have already conceded, the granting of this motion will not prevent defendants from persisting in efforts to obtain discovery from these individuals because they will remain members of the putative class.

Unlike the plaintiffs in the *Hartford* case who sought to dismiss the action in its entirety, the moving plaintiffs in this case seek only to voluntarily step down from their role as class representatives without prejudicing their rights as absent members of the proposed class.  Significantly less time, effort, and money would ensue by granting this more limited voluntary dismissal motion.

### *C. MOTION TO VOLUNTARILY DISMISS PLAINTIFF DOUCET*

Plaintiff Doucet has been absent from this suit since February 2008 when her claims against HUD were dismissed with prejudice. (*See* Rec. Doc. No. 508.)  Furthermore, there was ample opportunity to include Doucet in the Amended Complaint in August 2009. Doucet's Motion for Voluntary Dismissal in May 2007 (Rec. Doc. No. 264), the denial of that motion (Rec. Doc. No. 448), and the subsequent dismissal of her claims (Rec. Doc. No. 580) without any appeal continue to reflect upon her disinterest in this action except when it suits her in disregard to court orders and other interested parties.  Facially and substantially, such conduct

mandates the action here, lesser sanctions non-availing. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Voluntarily Dismiss Without Prejudice as Named Plaintiffs is **GRANTED** with respect to Ms. Johnson, Ms. May, and Ms. Wright and **DENIED** with respect to Ms. Doucet, dismissing her claims outright.

New Orleans, Louisiana, this 3rd day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE