UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOLANDA ANDERSON, ET AL                    CIVIL ACTION

VERSUS                                      NO. 06-3298

SHAUN DONOVAN, SECRETARY OF THE            SECTION "B"(5)
UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT, ET AL

ORDER AND REASONS

Before the Court is Defendant the United States Department of Housing and Urban Development's ("HUD") Motion to Dismiss and for judgment on the pleadings or alternatively, Motion for Summary Judgment. (Rec. Doc. No. 788). Plaintiffs' memorandum in opposition to Defendant's Motion can be found at Rec. Doc. No. 839. Additionally, Defendant HUD's Reply Brief in Support, at Rec. Doc. No. 854 is also considered.

IT IS ORDERED that Defendant HUD's Motion to Dismiss is DENIED, that Defendants' Motion for Judgment on the Pleadings is DENIED and Defendants' alternative Motion for Summary Judgment is DENIED.

Defendants move the Court to dismiss all claims against the Federal Defendants pursuant to FRCP 12(b)(1), for judgment on the pleadings pursuant to Rule 12(c), or in the alternative, for summary judgment in favor of Federal Defendants pursuant to FRCP 56. (Rec. Doc. No. 788-1). Initially, Defendants argue the Court lacks jurisdiction over Plaintiffs' Due Process claim because,

1

pursuant to the Administrative Procedure Act, there has been no final agency action made on the part of HUD nor have Plaintiffs identified any such action with respect to the administration of the Housing Authority of New Orleans ("HANO") voucher programs. (Rec. Doc. No. 788-1).   Additionally, Defendants assert that Plaintiffs cannot state a Due Process claim against the Federal Defendants as they have not challenged conduct by the Federal Government.   HUD claims that the voucher program at issue is administered by HANO and that HUD plays no role in the programs management.

Plaintiffs argue that Defendants are attempting to re-litigate issues already decided by the Court.   Specifically, that the Court has already found that there can be no meaningful disposition of this case without HUD as a defendant and the Plaintiffs have a protected property interest in the continued receipt of housing benefits.  (Rec. Doc. No. 839).  Moreover, Plaintiffs argue that Defendants' mismanagement and administration of the utility voucher program has resulted in a severe deprivation for Plaintiffs.  (Rec Doc. No. 839).

**A.   *Standards of Review***

**1.   *Motion to Dismiss Under Rule 12(b)(1)***

Under Rule 12(b)(1), a party may move to dismiss an action if the Court lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*,

143 F.3d 1006, 1010 (5th Cir. 1998).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  *Dow Agrosciences, LLC v. Bates,* 332 F.3d 323, 326 (5th Cir. 2003).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001)(*citing Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).  Importantly, this prevents a court lacking jurisdiction from prematurely dismissing a case with prejudice.  *Id*.

In determining a Rule 12(b)(1) motion, the court may consider disputed matters of fact.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  In any event, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.  *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

### 2.   *Motion for Judgment on the Pleadings Under Rule 12(c)*

The standard for addressing a Rule 12(c) motion is the same as that used for deciding motions to dismiss pursuant to Rule 12(b)(6).  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002)(*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1368 at 591).

3

Additionally, the query for the Court is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)(*quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)).  When considering a Rule 12(c) motion, the pleadings should be construed liberally and judgment on the pleadings granted only if there are no disputed issues of fact and only questions of law remain.  *Hughes*, 278 F.3d at 420.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### 3.   *Motion for Summary Judgment Under Rule 56*

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving

party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S. Ct. 1348 at 1356-57 (1986).

**B. *Analysis***

> ### 1.   *Defendant HUD's Claim That This Court Lacks Subject Matter Jurisdiction*

The Administrative Procedure Act ("APA") limits nonstatutory judicial review to "final" agency actions. 5 U.S.C. § 704. The requirement of a final agency action is considered jurisdictional and, in the absence of such action, the court cannot reach the merits of the dispute. *DRG Funding Corp. v. Sec. of Hous. & Urban Dev.*, 76 F.3d 1212, 1214 (D.C. Cir. 1996).

In this Court's Order of March 25, 2010 (Rec. Doc. No. 730), the Court addressed Defendants' contention that under the APA, HUD

should be dismissed from this suit since Plaintiffs could obtain adequate relief against HANO alone. *See* 5 U.S.C. § 704; (Rec. Doc. No. 651-1). Defendants' argument only addressed Plaintiff's alleged "other adequate remedy" in the motion. Accordingly, "[t]he Court [was] not convinced [...] that Plaintiffs would be afforded adequate relief without HUD's involvement as Defendant in this suit." (Rec. Doc. No. 730 at 21). The Court concluded that the "APA § 704 does *not* divest this Court of jurisdiction over HUD in this case." *Id.* at p. 23 (emphasis added).

In HUD's most recent Motion to Dismiss, Defendants again invoke sovereign immunity and § 704 arguing, this time, that the Court lacks jurisdiction due to Plaintiffs' failure to challenge any "final agency action" as required to waive immunity. (Rec. Doc. Nos. 788-1, n. 4 and 854). Defendants note that this challenge to the Court's jurisdiction was not raised in their Motion to Dismiss Plaintiffs' First Amended Complaint because that Complaint did allege a final agency action. (Rec. Doc. No. 788-1, n. 4).

Pursuant to 42 U.S.C. § 1404a, "[t]he Secretary of Housing and Urban Development may sue and be sued only with respect to its functions under the United States Housing Act of 1937[.]" Accordingly, Congress has expressly waived sovereign immunity in those instances where HUD acts pursuant to its authority under the Housing Act, 42 U.S.C. § 1437 *et seq*. Defendants concede that

6

"[t]he Secretary has exercised his authority under the Housing Act to take possession of HANO pursuant to 42 U.S.C. § 1437d(j)(3)(A)(iv)." (Rec. Doc. No. 854, n. 1). While Defendants argue that Plaintiffs have failed to identify the nature of or basis for an injunction against HUD (Rec. Doc. No. 854 at 2), such assertion does not dismiss the fact that Congress has waived sovereign immunity in this instance. For this reason, this Court maintains jurisdiction over this action and as such, Defendants' Motion to Dismiss should be denied.

**2.   *Defendant HUD's Motion For Judgment On The Pleadings Or, Alternatively, For Summary Judgment***

Plaintiffs claim that HUD is depriving residents of their right to property in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution by denying Plaintiffs, without notice and opportunity to be heard, certain benefits of public housing assistance including utility assistance. (Rec. Doc. No. 749 at 21). This Court has previously recognized Plaintiffs' property interest in continued public housing assistance and has ruled that Rule 12(b)(6) dismissal of Plaintiffs' due process claims related to the administration of the voucher program would be improper as Plaintiffs have stated a plausible claim of deprivation of procedural due process. (Rec. Doc. Nos. 175 at 20, 730 at 24). Importantly, various disputed issues of material fact remain and, as such, judgment on the pleadings is presently improper.

7

Moreover, in considering the record as a whole, genuine issues of fact exist that would allow a reasonable jury to return a verdict for Plaintiffs. Plaintiffs have raised and maintained genuine issues of fact that are more than conclusory rebuttals of the pleadings. Specifically, issues concerning Plaintiffs' right to receive notice and an opportunity to be heard before being deprived of benefits. (Rec. Doc. No. 839 at 26). Indeed, these issues directly implicate Plaintiffs' claims of due process violations by HUD.

Based on the foregoing, **IT IS ORDERED** that Defendant HUD's Motion to Dismiss is **DENIED**, that Defendants' Motion for Judgment on the Pleadings is **DENIED** and Defendants' alternative Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 5th day of April, 2011.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE