UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA ANDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 06-3298** |
| **SHAUN DONOVAN, ET AL** | **SECTION: "B"(5)** |

### ORDER AND REASONS

Before the Court is Defendant Housing Authority of New Orleans' ("HANO") Motion for Summary Judgment seeking dismissal of Plaintiffs' due process claims against HANO. (Rec. Doc. No. 785). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant HANO's Motion for Summary Judgment is **DENIED**.

### FACTUAL HISTORY

The Court is familiar with the facts of this case and the relief sought by Plaintiffs.

### CONTENTIONS OF MOVANT

HANO filed the instant motion, moving the Court to dismiss Plaintiffs' due process claims against it pursuant to FRCP 56 for summary judgment. (Rec. Doc. No. 785). HANO contends that since the Court denied HANO's original motion for summary judgment for lack of adequate discovery on March 23, 2010, Plaintiffs have made no attempt to conduct additional discovery. (Rec. Doc. Nos. 730 at

-1-

24; 785-1 at 5). In that motion, the Court denied HANO's motion for summary judgment to allow for additional discovery on HANO's administration of the voucher program. (Rec. Doc. No. 730 at 24). Therefore, HANO reasserts its motion, contending Plaintiffs do not have a cognizable property interest in free utilities covered by HANO in order to sustain their due process claim. (Rec. Doc. No. 785-1 at 15). HANO contends, even assuming Plaintiffs had such a cognizable claim, it was Hurricane Katrina forcing Plaintiffs from their public housing and rendering them uninhabitable that deprived Plaintiffs of their interest and not any action on HANO's part. *Id*. at 19. HANO contends further Plaintiffs were given adequate notice and opportunity as required by due process of post-Katrina housing benefits, and to the extent that any additional notice was required, denial of such was harmless. *Id*. at 23. Finally, HANO asserts any attempt by Plaintiff to claim a property interest in free utilities is an attempt to re-litigate a due process claim in HANO's decision to demolish rather than repair public housing after Katrina that was dismissed by the Fifth Circuit. *Id*. at 23-24.

## CONTENTIONS OF RESPONDENT

Plaintiffs argue HANO is attempting to re-litigate issues already decided by the Court. (Rec. Doc. No. 839 at 14). Specifically, Plaintiffs contend the Court previously recognized Plaintiffs' property interest in continued public housing assistance, which included public utilities without charge. (Rec.

Doc. Nos 839 at 13; 730 at 24). Plaintiffs contend HANO deprived them of that property interest by transferring them to a voucher program that does not provide the same Pre-Katrina benefits and then further frustrating Plaintiffs' access to said program through poor administration. *Id*. at 14-15. Finally, Plaintiffs contend HANO deprived them of due process by failing to give notice that the voucher program did not have utilities benefits such as Plaintiffs were accustomed to pre-Katrina. *Id*. at 25.

## LAW AND ANALYSIS

### I.  Standard of Review

Summary judgment is proper if the moving party is able through its motion and supporting portions of the record to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997). However, the nonmovant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial,'" in its opposition to summary disposition. *Celotex, Corp.*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995).

## II. Cognizable Property Interest

To prevail on a due process claim, a plaintiff must show a protected property interest that was violated by the defendant's constitutionally deficient procedure. *Ridgely v. Federal Emergency Management Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Government-distributed benefits are a property interest cognizable under due process. *Goldberg v. Kelly*, 397 U.S. 254, 262 (1972). However, to have a property interest in a government benefit, "'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Ridgely*, 512 F.3d at 735 (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972)). The "mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of entitlement-arising from statute, regulation, contract, or the

like-to the benefit." *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir.1995) (emphasis in original).

HANO contends free utilities is not a cognizable property interest to sustain a due process claim. (Rec. Doc. No. 785-1 at 16). HANO contends Plaintiffs cannot dispute that case law does not support their contention of a cognizable property interest in free utilities.[1] However, Plaintiffs do not claim a cognizable property interest in free utilities; Plaintiffs claim a property interest in "certain benefits of the public housing assistance they received before they were displaced, including assistance with utilities and the ability to live in New Orleans." (Rec. Doc. No. 749 at 21). HANO does not dispute a claim for continued housing benefits is a cognizable property interest, and the Court has recognized several times over Plaintiffs' said property interest. (Rec. Doc. Nos. 785-1 at 16; *See* Rec. Doc. Nos. 175 at 20; 730 at 24). Nothing has changed with regard to this claimed property interest. Therefore, summary judgment is improper.

**III. Deprived Property Interest**

For a due process claim to prevail, the complained-of

---

[1] HANO cites to *Crosby v. City of Jackson*, 813 F. Supp 476 (S. Miss. 1993) and *Fenner v. Bruce Manor, Inc.*, 409 F. Supp. 1332 (D. Md. 1976) as showing there is no property interest in utilities at a particular rate or paid by the landlord. However, both of these cases are distinguishable from the instant case. In *Crosby*, the plaintiffs were average consumers suing to stop an increase in their utilities rate, and the court did not address whether utilities as a government benefit is a property interest. *Crosby*, 813 F. Supp. at 478-79. In *Fenner*, the court confined its decison to a holding that the National Housing Act does not confer an entitlement right to rent at a particular rate or utilities paid by a landlord, but the National Housing Act is not the source of law at issue in this case. *Fenner*, 409 F. Supp. at 1344-45.

violation must be a result of alleged state action; wrongful private conduct is not cognizable under the due process clause. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *See also Evans v. Abney*, 396 U.S. 435, 445 (1970); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 171-179 (1972). HANO contends Plaintiffs' claim of a due process violation must fail because it was a natural disaster and not state action that deprived Plaintiffs of their property interest. (Rec. Doc. 785-1 at 20).

HANO contends that given the conditions of its housing stock and the city of New Orleans after Katrina, it had no choice but to finding housing for Plaintiffs through the voucher programs. (Rec. Doc. No. 785-1 at 20). HANO further contends that under the voucher programs, it has no control over utilities as such a service is the result of the terms of the lease negotiated between the tenants and their landlords. *Id*. Therefore, HANO argues, to the extent Plaintiffs are denied the same housing benefits they enjoyed pre-Katrina, that deprivation is the result of negotiations between private actors and not HANO. *Id*.

Plaintiffs contend it was HANO's decision to transfer its tenants to voucher programs following Katrina rather than repair its facilities that suffered little structural damage during the storm, and that HANO's poor administration of the program constitutes a state action depriving them of their property interest. (Rec. Doc. No. 839 at 20). Plaintiffs establish

material facts as to whether HANO's facilities were significantly damaged during the storm as well as whether it was HANO's decision to turn off utilities to its facilities following Katrina. (Rec. Doc. No. 834 at 2-3).

Further, there is a material issue of fact with regard to HANO's allegedly poor administration of the voucher programs. Namely, Plaintiffs allege federal law requires HANO to conduct rent reasonableness inquiries, including provision of utilities service, and on-site inspections when approving a voucher program lease. (Rec. Doc. No. 839 at 17). Plaintiffs allege HANO's delayed or nonexistent inspections of voucher housing, rent reasonableness reviews, and annual audits of utility allowances, in violation of federal and HANO regulations, amount to plaintiffs paying more out-of-pocket for benefits covered before the storm when in HANO's public housing. (Rec. Doc. No. 839 at 16-20). HANO contends such regulations were waived following Katrina. (Rec. Doc. No. 848 at 3). Thus there exists a genuine dispute of material fact, making summary judgment improper. *Anderson*, 477 U.S. at 248.

## IV. Notice Due

Due process "calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). Notice as required by the due process clause requires more than notification of a change or termination in service; it must be

"reasonably calculated" to inform of the availability of the opportunity to object. *See Memphis Light, Gas and Water Division v. Craft*, 436 U.S. 1, 15 (1978).

HANO contends summary judgment is proper because, assuming Plaintiffs had a cognizable property interest, they were afforded the notice due under the circumstances. (Rec. Doc. No. 785-1 at 22). HANO purports to present evidence Plaintiffs were afforded adequate notice of their post-Katrina voucer benefits,[2] and that to the extent Plaintiffs complain lack of notice for demolition of HANO's facilities following public housing, that issue has already been decided by the Fifth Circuit in HANO's favor. (Rec. Doc. No. 785-1 at 23). Plaintiffs do not contend HANO failed to provide adequate notice of the public housing demolition. Plaintiffs contend HANO knew the transition to various voucher programs would result in the loss of utilities benefits, which tenants would have to cover out-of-pocket. (Rec. Doc. No. 839 at 31). Plaintiff raises and establishes an issue of material fact that HANO did not discuss the benefit changes when planning for the transition and

---

[2] Hano presents two letters to tenants as evidence Plaintiffs had adequate notice of their post-Katrina voucher benefits. (Rec. Doc. No. 769-2 at 34-35). However, one letter lists "tenant rent portion" and "utility reimbursement" as separate amended amounts under the Housing Choice Voucher Program. *Id*. While the utilities amount is listed as zero, the following explanatory paragraph only gives the tenant the right to a hearing if the "tenant rent portion" amount increases. *Id*. The second letter is similarly deficient as it lists "housing assistance payment" and "utility check" separately and only gives the tenant a right to request a hearing to contest the former. *Id*. Further, the second letter is dated January 25, 2006 but lists the effective date of the amended amount as January 19, 2006, thereby suggesting this tenant did not have notice of these changes before they took place. *Id*. Neither is "reasonably calculated" to inform the tenants of an opportunity to object to changes in their utility benefits. *Memphis Light, Gas and Water Division*, 436 U.S. at 15. HANO also points to a blank Section 8 application from 2004 with space for utility allowances and its own maximum voucher program utility allowance for 2003 and 2004. (Rec. Doc. No. 769-1 at 90-91).

that any notice to tenants was confined explicitly to demolition of HANO's facilities, thus not constituting notice on the issue of benefits changes. (Rec. Doc. Nos. 514 at 10-17; 839-18 at 14). Given there is a triable issue of fact as to whether the notice afforded to Plaintiffs was "reasonably calculated" to apprise them of the opportunity to object to the utility benefit changes, summary judgment is improper. *Memphis Light, Gas and Water Division*, 436 U.S. at 15; *Szabo*, 68 F.3d at 942.

Accordingly, **IT IS ORDERED** that Defendant HANO's Motion for Summary Judgment is **DENIED**. HANO failed to show there is no genuine dispute to the material facts of Plaintiffs' due process claim.

New Orleans, Louisiana, this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE