UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YOLANDA ANDERSON                          CIVIL ACTION

VERSUS                                    NUMBER: 06-3298

SHAUN DONOVAN, ET AL                      SECTION: "B"(5)

## ORDER AND REASONS

Before the Court is Defendant Housing Authority of New Orleans' ("HANO") Motion to Dismiss and/or Summary Judgment seeking dismissal of Diane Johnson and Karen Cato-Turner as defendants. (Rec. Doc. No. 806). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant HANO's Motion for Summary Judgment is **GRANTED**.

## FACTUAL HISTORY

The Court is familiar with the facts of this case and the relief sought by Plaintiffs.

## CONTENTIONS OF MOVANT

HANO filed the instant motion, moving the Court to dismiss Diane Johnson, chairperson of the Board of Commissioners for HANO, and Karen Cato-Turner, executive administrator of HANO, as defendants pursuant to FRCP 12 (b)(6) or FRCP 56. (Rec. Doc. No. 806). HANO contends Plaintiffs cannot sustain a claim under 42

U.S.C. § 1983 requiring the alleged violation of federal rights "under color of state law" against Ms. Johnson and Ms. Cato-Turner because the women are federal officials appointed by the U.S. Department of Housing and Urban Development ("HUD") when HUD took over HANO in its receivership. (Rec. Doc. No. 806-1 at 1-2). HANO further contends that even if the claims against Ms. Johnson and Ms. Cato-Turner are cognizable under § 1983, Plaintiffs sued the two in their official capacity as HANO officers, which is redundant to the Plaintiffs' claim against HANO itself. *Id.* at 3.

## CONTENTIONS OF RESPONDENT

Plaintiffs argue HANO is attempting to re-litigate issues already decided by the Court. (Rec. Doc. No. 841 at 1-2). Specifically, Plaintiffs contend HANO failed on the same argument – that defendants, as federal officials for the U.S. Department of Housing and Urban Development, operated under federal law and could not be sued under § 1983 – when it moved to dismiss Ms. Johnson's and Ms. Cato-Turner's predecessors in 2006. *Id.* This Court did not address the merits of the issue, but summarily dismissed HANO's motion because there existed genuine issue of material fact, making summary judgment improper. (Rec. Doc. No. 175 at 24). Plaintiffs contend Louisiana state law governs the responsibilities of HANO officials and that Ms. Johnson and Ms. Cato-Turner fulfilled their roles under color of those state laws. *Id.* at 2. Plaintiffs further contend HANO's latest motion is little more than an attempt

to deflect responsibility to the federal defendants in the case while they in turn attempt do the same to the state defendants. *Id*. at 3.

**LAW AND ANALYSIS**

**I.   Standard of Review**

   **A. 12(b)(6)**

To survive a motion to dismiss, a plaintiff must plead grounds for entitlement to relief along with sufficient factual allegations that, if taken as true, state a claim that is plausible on its face.   *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  A "formulaic recitation of the elements of a cause of action" will not meet this pleading standard.  *Twombly*, 550 U.S. at 555.  While, a district court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, legal conclusions are not entitled to a presumption of truth for the purposes of a 12(b)(6) motion.   *Ashcroft v. Iqbal,* 129 U.S. 1937, 1949 (2009).  A claim is plausible when the pleaded facts allow the court to draw a reasonable inference the defendant is responsible for the allegations.  *Id*.  However, when material outside the pleadings are introduced to the court on a motion to dismiss, it must be treated as one for summary judgment.  Fed. R. Civ. P.  12(d).

HANO contends Plaintiffs cannot state a claim under § 1983

-3-

against defendants Johnson and Cato-Turner, thus making its motion to dismiss proper.  (Rec. Doc. No. 806-1 at 1-2).  However, HANO has introduced material outside the pleadings for its motion, therefore the court must treat HANO's motion as one for summary judgment.  (Rec. Doc. Nos. 806-2 and 806-3); Fed. R. Civ. P. 12(d).

### B. Summary Judgment

Summary judgment is proper if the moving party is able through its motion and supporting portions of the record to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact is present when the evidence is such that a reasonable fact finder could return a verdict for the non-movant.   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).   However, the nonmovant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial,'" in its opposition to summary disposition.   *Celotex, Corp.*, 477 U.S.  at 324.  If the record taken as a whole could not lead a

rational trier of fact to find for the nonmoving party, no genuine issue exists for trial.   *Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995).

## II.   Defendant's Claim

HANO contends Plaintiffs make no showing to dispute that its claims against Ms. Johnson and Ms. Cato-Turner in their official capacities are duplicative of their claim against HANO itself, and therefore, summary judgment is proper.  A party may sue a "person" who, acting under color of state statute, custom or policy violates the individual's constitutional rights.  42 U.S.C. § 1983.  Local government agencies may be sued directly under § 1983 where the alleged unconstitutional action is part of an official policy or custom of the agency.  *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690 (1978).  Suits against an entity's officers in their official capacities for allegedly carrying out the disputed policy or custom of the entity is a another manner of pleading an action against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  As such, the Fifth Circuit has held that it is appropriate to dismiss claims against officers in their official capacities when the "allegations duplicate claims against the respective governmental entities themselves."  *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

Setting aside the dispute as to whether Ms. Johnson and Ms.

Cato-Turner are federal or state officials, the Court can dispose of this motion based on the redundancy of claims. Plaintiffs contend HANO did not prevail when it moved to dismiss Ms. Johnson's and Ms. Cato-Turner's predecessors in 2006 for being federal rather than state officials, and it should not prevail now. (Rec. Doc. No. 841 at 1-2). This Court dismissed that claim, but did not address the merits of the issue, noting only that there existed genuine issue of material fact to preclude summary judgment. (Rec. Doc. No. 175 at 24). Neither side has shown the lack of a genuine dispute; only the names of the two defendants have changed. HANO even admits to advancing the same argument. (Rec. Doc. No. 850 at 1).

However, HANO advances the additional ground in the instant motion of redundancy of claims, and Plaintiffs do not introduce any opposition to this assertion. Defendants Johnson and Cato-Turner are sued by Plaintiffs explicitly in their official capacities for actions taken under color of state law as HANO employees with the authority and directive to oversee HANO's operations. (Rec. Doc. No. 749 at 17). Plaintiffs then allege it was HANO, and not Ms. Johnson and Ms. Cato-Turner, that violated their due process under color of state law in violation of § 1983. *Id*. at 21. Plaintiffs allege no unconstitutional conduct on the part of Ms. Johnson and Ms. Cato-Turner independent of their role with HANO nor seek any relief from the women in their individual capacities. Their claims

against the two women are, in effect, claims against HANO itself, which is unnecessary in light of the stated claim against HANO. *Castro Romero*, 256 F.3d at 355.  Even were the Court to rule in Plaintiffs' favor on the disputed factual issue of whether Ms. Johnson and Ms. Cato-Turner were federal or state officials, which it does not decide, Plaintiffs have failed to show there is any genuine issue of material fact as to the redundancy of these claims.  *Celotex, Corp.*, 477 U.S. at 324.  Summary judgment is therefore proper.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendant HANO's Motion for Summary Judgment is **GRANTED**.  Plaintiffs have failed to demonstrate a genuine issue of material fact as to redundancy in claims against Defendants Johnson, Cato-Turner and HANO.

New Orleans, Louisiana, this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE