UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YOLANDA ANDERSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 06-3298** |
| **SHAUN DONOVAN, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ET AL.** | **SECTION: "B"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Alter or Amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Rec. Doc. No. 855). For the reasons below,

**IT IS ORDERED** that Plaintiffs' motion (Rec. Doc. No. 855) is **DENIED**.

This litigation arises from Defendants' alleged actions in demolishing four public housing projects known as the "Big Four" in New Orleans after Hurricane Katrina. (Rec. Doc. No. 851 at 1). This present motion comes before the court in response to this Court denying Plaintiffs' second renewed motion for class certification finding Plaintiffs' class did not meet the requirements of Rule 23. (Rec. Doc. No. 851 at 1, 5-12). Further, the court found that even if Plaintiffs had satisfied the requirements of Rule 23(a), Plaintiffs did not satisfy the requirements of Rule 23(b), and therefore their class cannot be maintained. (Rec. Doc. No. 851 at 12).

Law and Analysis

In order for the court to alter or amend the judgment, Plaintiff must prove the amended judgment is necessary to: (1) correct manifest errors of law or fact upon which the judgment is based; (2) allow the moving party to present newly discovered evidence; (3) prevent manifest injustice; or (4) account for an intervening change in controlling law.  *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A motion under Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact and is not the proper vehicle for rehashing legal theories or arguments that could have been raised before the judgment was entered.  *Templet v. HydroChem Inc.*, 376 F.3d 473, 479 (5th Cir. 2005).  When ruling on a motion to alter or amend the judgment, the court must consider the competing concerns of the need for finality versus the desire to reach a just decision based upon the evidence.  *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiffs do not address in their motion any of the four reasons under Rule 59(e) for reconsideration of an order. They do not argue that the order was based upon a manifest error of law or fact; there's no contention that the judgment should be reconsidered due to newly discovered evidence; absent also is an argument that reconsideration is necessary to prevent manifest

injustice; nor does the motion cite a pertinent change in controlling law. *Schiller*, 342 F.3d at 567; (Rec. Doc. No. 855-1 at 1-7). In striking the balance between finality and the need to render a just decision, allowing amendment of the proposed class would be appropriate if the applicable standards are met.

In its order denying class certification, the court noted that Plaintiffs' proposed class does not meet the Rule 23(a) requirements for numerosity, commonality, typicality, and adequacy. (Rec. Doc. No. 851 at 5-12). In the current Rule 59(e) motion, there is no satisfactory resolution of the concern that the proposed class does not fit within the criteria of Rule 23(b). (Rec. Doc. No. 851 at 12). Plaintiffs state the revised class is narrower than the previous class, limiting the number of individual inquiries the court would have to make, but does not address the issue of injunctive versus monetary relief. (Rec. Doc. No. 855-1 at 5). Further, there is no explanation why Odessia Lewis is an adequate representative of the class other than that she participates in the voucher program; nor is there a showing that distinguishes her from the other representatives based on her housing choices. (Rec. Doc. No. 851 at 12).

The standards for altering or amending a judgment, have not been established; and the prior concerns regarding suitability of class certification remain.

New Orleans, Louisiana, this 31st day of August, 2011.

_____
UNITED STATED DISTRICT JUDGE